**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MOUNTAIN HIGHLANDS, LLC,
an Oregon Limited Liability Company,

      Plaintiff,

vs.                                                  No. CIV 08-0239 JB/ACT

DAVID HENDRICKS, and
MAGNOLIA MOUNTAIN LIMITED
PARTNERSHIP, a Texas limited
partnership,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's 2007 Claims, filed September 3, 2008 (Doc. 19)("Motion for Partial Summary Judgment"). The Court held a hearing on November 6, 2008. The primary issue is whether statements that the Defendants' counsel made at a bankruptcy hearing held on November 26, 2007, caused the Honorable James S. Starzynski, a United States Bankruptcy Judge, to deny Plaintiff Mountain Highlands, LLC's Plan for Reorganization ("Plan"). Because the Court concludes that there is insufficient evidence that any action attributable to the Defendants led to the Plan's failure, either directly or by causing Signature Capital Funding, Inc. to continue with its objection to the Plan, the Court will grant the Motion for Partial Summary Judgment.

**FACTUAL BACKGROUND**

The Court has already laid out the background of this case in some detail in a prior opinion. See Memorandum Opinion and Order at 2-7, entered August 29, 2008 (Doc. 17)("Memo."). Briefly, this case arises out of disputes over a tract of land in Taos County, New Mexico ("the Ski Rio

Property"), and Mountain Highlands' subsequent bankruptcy filing after protracted litigation over title to the Ski Rio Property. The resolution of the present motion depends primarily upon the circumstances surrounding the Chapter 11 bankruptcy proceedings before Judge Starzynski in the Bankruptcy Court for the District of New Mexico. The material facts the Defendants set forth are largely undisputed, although Mountain Highlands contends that, while the majority of the Defendants' statement of undisputed material facts is "true on its face," the Defendants have made a "strategic omission" of certain facts that would reveal the issues raised in this motion to be "rife with genuine disputes of material fact." Response to Motion for Partial Summary Judgment Regarding Plaintiff's 2007 Claims at 3, filed September 22, 2008 (Doc. 29)("Response").

Mountain Highlands filed for Chapter 11 bankruptcy on or about January 5, 2006. See Exhibit A to Notice of Removal, filed March 7, 2008 (Doc. 1), Complaint for Damages and Equitable Relief ¶ 43, at 10 (Docs. 1-2 to 1-4)("Complaint"). In an effort to return to profitability, Mountain Highlands developed the Plan, on which all Mountain Highlands' creditors voted. Only Signature Capital, holder of a first lien on the Ski Rio Property, objected to the Plan. See Complaint ¶ 49, at 11. Mountain Highlands and the Defendants entered into a land-swap agreement that was to resolve the debt Mountain Highlands owed the Defendants and other claims ("Exchange Agreement"). See Complaint ¶ 47, at 10. The Exchange Agreement was conditioned on the approval of the Plan, but also, Mountain Highlands alleges, obligated the Defendants to support the Plan. See Complaint ¶ 48, at 11.

Mountain Highlands filed a Motion to Sell Property Out of the Ordinary Course of Business, Free and Clear of Liens, Claims, and Interests ("Motion to Sell") with the Bankruptcy Court on November 12, 2007. See Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's 2007 Claims ¶ 1, at 4, filed September 3, 2008

(Doc. 20)("Memo. in Support"). The Motion to Sell requested the Bankruptcy Court's permission to sell the Ski Rio Property. At the time, Mountain Highlands' Plan remained pending with the Bankruptcy Court, and Signature Capital remained the only party who had objected to the Plan. See Memo. in Support ¶¶ 2-3, at 4. The Defendants never objected to the Plan, argued against the Plan, or presented evidence at the February 28, 2007, hearing on the Plan. See Memo. in Support ¶¶ 4-6, at 4. Mountain Highlands contends that the Defendants' lack of formal objections is misleading because the Defendants objected to the Motion to Sell, "which was an integral part of" the Plan, and "orally withdrew their support of the Exchange Agreement that was incorporated into" the Plan. Response at 2-3. Mountain Highlands also contends that evidence about the Defendants' support for both the Plan and the Exchange Agreement was offered at the February 28, 2007, hearing, without the Defendants objecting. "Their silence," Mountain Highlands asserts, "operated as endorsement of the Plan, and was deceptive by nature." Response at 3.

Signature Capital objected to the Motion to Sell on November 21, 2007, and the Defendants objected on November 26, 2007, the date of the hearing on the motion. See Memo. in Support ¶¶ 7-9, at 4-5. Signature Capital maintained its position that it objected to the Motion to Sell unless it was paid as part of the sale. See id. ¶¶ 10-11, at 5. On December 14, 2007, Mountain Highlands, Signature Capital, and the Defendants jointly submitted a Stipulated Interim Order that would pay Signature Capital out of the proceeds of the sale of the Ski Rio Property all amounts due to Signature Capital, with the exception of $90,000.00 in attorneys' fees which Signature Capital claimed that was to be placed in escrow. See Memo. in Support ¶¶ 12-15, at 5. Signature Capital never formally withdrew its objection to the Plan. See id. ¶ 17, at 6. The same day that the Stipulated Interim Order was submitted, Judge Starzynski signed the Stipulated Interim Order, but denied the Plan. See Memo. in Support ¶¶ 18-20, at 6.

## **PROCEDURAL BACKGROUND**

The Defendants move for summary judgment on Mountain Highlands' claims arising out of the bankruptcy proceedings in 2007 ("2007 claims").[1] See Motion for Partial Summary Judgment at 1. According to the Defendants, the 2007 claims cannot succeed unless Mountain Highlands can "prove that Judge Starzynski would have confirmed [the Plan] but for statements made by counsel for Defendants at the November 26, 2007 hearing." Memo. in Support at 3. They argue that Judge Starzynski rejected the Plan because it was inconsistent with the Bankruptcy Code and not because of any representations the Defendants' counsel made in the hearing on the Motion to Sell. See id. at 8. In support of their argument, the Defendants point to Judge Starzynski's Memorandum Opinion, which they maintain states that the Plan was denied because it failed to "meet the requirements of the Code." Memo. in Support at 8-9. The Defendants' also rely on Judge Starzynski's statements at a hearing on March 11, 2008, that his decision was not based on any

---

[1] As the Court has previously noted, the 2007 claims consist of claims arising from the following allegations:

> (i) Mountain Highlands filed a motion for approval from Judge Starzynski to sell the property; (ii) Mountain Highlands and Magnolia Mountain entered into an Exchange Agreement which required Magnolia Mountain to approve Mountain Highlands' Plan; (iii) in a last minute attempt to obtain a portion of the sale proceeds that Mountain Highlands would receive upon the sale of the Ski Rio property, Magnolia Mountain refused to comply with the Exchange Agreement and objected to the motion for approval of the sale, wrongfully omitting facts from the Bankruptcy Court to cause Mountain Highlands' Plan to fail; (iv) as a result of the misrepresentations by the Defendants' counsel, Judge Starzynski denied confirmation of Mountain Highlands' Chapter 11 plan for reorganization; and (v) Mountain Highlands was harmed by the denial of its plan for reorganization. See Complaint ¶¶ 71-74, 83-86, 99-100, at 15, 17, 19-20.

Memo. at 8. These allegations form the basis of Counts II and IV and part of Count VI. Additionally, paragraph 69 in Count I relies on the bankruptcy proceedings. These allegations and the causes of action based on them constitute the 2007 claims.

attempt by the Defendants to withdraw support for the Plan.  See Memo. in Support at 9 (citing Exhibit 2 to Memo. in Support, Transcript of March 11, 2008 Bankruptcy Hearing (Doc. 20-3)("March 11 Tr.")).

Mountain Highlands counters that the test the Defendants assert the 2007 claims must pass is incorrect and not supported by legal authority.  See Response at 3-4.  Mountain Highlands maintains that their claims have four elements:

> (1) Defendants intervened/interfered in the Plan approval process before Judge Starzynski had decided the matter; (2) Defendants' interference/intervention caused, or increased the likelihood of, the denial of Plaintiff's Plan, (3) Defendants' preemptive action violated the good-faith standard of the Exchange Agreement, and (4) Plaintiff suffered losses and injury as a result of the denial of its Plan.

Response at 4.  Mountain Highlands contends that determining what Judge Starzynski would have done differently absent the Defendants' actions is an impossible test.  See id.  "All that may be ascertained," Mountain Highlands argues, "is whether Judge Starzynski would more likely than not have approved the Plan had Defendants not reneged on their commitment to the Motion to Sell at the eleventh hour."  Response at 4.  According to Mountain Highlands, the Court's previous rulings have already foreclosed the issue.  See id. at 4-5 (citing Memo. at 50).

Additionally, Mountain Highlands contends that Judge Starzynski was unaware that Signature Capital was prepared to withdraw its objection to the Plan.[2]  If the Defendants "had not announced their intent to withdraw their votes in favor of the Plan," Mountain Highlands argues, "there would have been no opposition to the Plan's confirmation," and no reason for the

---

[2] Regarding this issue, Mountain Highlands also incorporated by reference a previous response.  See Response at 3 (referencing Plaintiff's Response to Defendants' Motion to Dismiss at 7-9, filed March 31, 2008 (Doc. 4)("Response to Motion to Dismiss")).  The arguments raised in the Response to Motion to Dismiss, however, seem to be essentially the same as the arguments Mountain Highlands raises in its present Response.

"Bankruptcy Court . . . to withhold its approval" of the Motion to Sell.  Response at 6.  Mountain Highlands further argues that the Defendants' references to the March 11, 2008, hearing add nothing because Judge Starzynski's denial of the Plan was based on incomplete facts and he said nothing at the hearing to indicate his ruling would have been the same had he known of Signature Capital's impending withdrawal of its opposition to the Plan.  See Response at 6-7.

In reply, the Defendants argue that Mountain Highlands has failed to provide any admissible evidence showing that Signature Capital "had ever agreed to withdraw its opposition to the Plan." Reply in Support of Defendants' Motion for Partial Summary Judgment at 2, filed September 24, 2008 (Doc. 32)("Reply").  The Defendants also maintain that Mountain Highlands has failed to submit any evidence that the Defendants were aware Signature Capital intended to end its opposition to the Plan or that they would have had any duties to inform Judge Starzynski if they did.  See Reply at 2.  The Defendants further contend that the Court's earlier ruling stated that Mountain Highlands' 2007 claims survived dismissal under rule 12(b)(6) but that the Defendants have introduced undisputed evidence that Judge Starzynski did not base his ruling on any arguments at the November 26, 2007, hearing.  See Reply at 3.

The Defendants also argue that Mountain Highlands, without citing to any authority, "has recently changed the elements it wants the Court to use in analyzing the legal sufficiency of the 2007 Claims."  Id.  According to the Defendants, Mountain Highlands has not advanced any supporting evidence for its new test.  See Reply at 4.  Moreover, the Defendants argue, the new test applies a standard that neither party can meet.  If it is impossible to know whether Judge Starzynski would have rejected the Plan even if the Defendants did nothing, the Defendants reason, then it would also be impossible for Mountain Highlands to prove that the Defendants' actions caused the denial.  See Reply at 5.  The Defendants also maintain that Mountain Highlands has changed its factual

allegations from Signature Capital being prepared to withdraw its objection to the Plan before the Defendants' interference to Signature Capital being prepared to withdraw its objection at the time the Plan was rejected. See Reply at 5. This change, the Defendants assert, "emphasizes the fact that Defendants had nothing to do with Signature Capital allegedly being willing to withdraw its objection." Id. at 6.

Finally, the Defendants argue that the transcripts of the hearings that they have submitted show that the Defendants never made the misrepresentations Mountain Highlands alleges and also show that Judge Starzynski did not have other reasons for denying the Plan. See Reply at 7. The Defendants conclude with an argument that they should be awarded attorneys' fees because, based on Judge Starzynski's statements on March 11, 2008, the 2007 claims "should have been voluntarily dismissed." Id. at 8-9.

On November 5, 2008, Mountain Highlands filed an affidavit and a statement of George M. Moore, a bankruptcy attorney working for Mountain Highlands. See Affidavit of George M. Moore, filed November 5, 2008 (Doc. 46)("Moore Aff."); Statement of George M. Moore Pursuant to Fed. R. Civ. P. 26(a)(2)(B), filed November 5, 2008 (Doc. 46)("Moore Stmt."). Mr. Moore states that, at the time that Judge Starzynski entered an order denying the Plan, Mr. Moore had negotiated an agreement with Signature Capital to withdraw its objection to the Plan. See Moore Aff. ¶ 2, at 1. To Mr. Moore's knowledge, Judge Starzynski was not aware of this arrangement. See id. Additionally, Mr. Moore gives his expert opinion that, "but for the change of position of Magnolia Mountain LLP with respect to its agreement to accept land in trade for claims," the Plan would have been approved. Moore Stmt. ¶ i, at 3. Mr. Moore based this opinion on the grounds that, at the time Judge Starzynski entered his order, Mr. Moore "was in the final stages of drafting a stipulated order which would have withdrawn the only pending objection to the [P]lan," and also on Magnolia

Mountain having "reneged on its 'land trade' agreement." Moore Stmt. ¶ i, at 3.

At the hearing, the Court asked Mountain Highlands to clarify what it believed its causes of action relating to the bankruptcy proceedings were. Dave Wesner, Mountain Highlands' counsel, stated that Mountain Highlands was alleging a breach of good faith and fair dealing under the Exchange Agreement, but that the claim was broader than that and amounted to tortious interference with the Plan and the bankruptcy proceedings. See Transcript of Hearing at 4:3-5:21 (taken November 6, 2008)(Wesner & Court)("Tr.").[3] The Court also clarified that Judge Starzynski's comments regarding a complaint at the March 11, 2008, hearing referred to the Complaint in this case. See Tr. at 6:4-11.

Mr. Wesner maintained that Mountain Highlands still had a case even though Judge Starzynski stated that he did not consider the Defendants' actions in his decision, but his reasoning depended upon Judge Starzynski being unaware of Signature Capital having decided to withdraw its objection. Mr. Wesner stated that the reasons Judge Starzynski gave for denying the Plan "would have been obviated had he been aware that Signature Capital Funding was going to withdraw their objection," Tr. at 7:9-10 (Wesner), and that the grounds for the opinion would have "gone away" if he had known that, up until the Defendants' objection, Signature Capital was ready to cease its objection, id. at 9:5-8. Mr. Wesner also requested that, if the Court were inclined to grant the Motion for Partial Summary Judgment, Mountain Highlands be allowed to introduce further evidence about Moore's negotiations with Signature Capital and the timing of their agreement. See Tr. at 26:23-27:6 (Wesner). The Court noted that no rule 56(f) affidavit has been filed. See Tr. at 29:14-15 (Court).

---

[3] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

**STANDARDS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where the movant demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has "the 'initial burden to show that there is an absence of evidence to support the nonmoving party's case.'" Mirzai v. State of N.M. Gen. Services. Dep't, 506 F.Supp.2d 767, 774 (D.N.M. 2007)(Browning, J.)(quoting Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000)). In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party meets that initial burden, the nonmoving party bears the burden of setting "forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(internal quotation marks omitted).

**ANALYSIS**

Mountain Highlands advances two separate arguments that the Defendants interfered with the approval of the Plan to the detriment of Mountain Highlands. The first argument, which most clearly tracks the allegations in the Complaint, is that Judge Starzynski denied the Plan because the Defendants withdrew their support or made statements indicating that their support had been improperly obtained. This argument is unavailing, however, given Judge Starzynski's comments about the reasons for his decision. The second argument that Mountain Highlands makes is that Judge Starzynski's comments are not fatal to its claims because he was not aware that Signature Capital was prepared to withdraw its objection to the Plan but for the Defendants' actions. This

argument is also unavailing, however, because the only evidence that Mountain Highlands has offered indicating that Signature Capital was ready to withdraw its objection does not indicate that the Defendants' actions caused Signature Capital to change their plans.  Because the Defendants have demonstrated that there is no evidence supporting them being liable on the 2007 claims, and because Mountain Highlands has failed to carry its burden of introducing such evidence, the Court will enter summary judgment in favor of the Defendants on the 2007 claims.

**I.   JUDGE STARZYNSKI'S REJECTION OF THE PLAN WAS NOT BASED ON THE COMMENTS OF THE DEFENDANTS' COUNSEL.**

The allegations about the 2007 claims that Mountain Highlands makes in its Complaint all involve the theory that the Defendants misled Judge Starzynski into believing that Mountain Highlands had improperly obtained the Defendants' consent to the Plan. See, e.g., Complaint ¶ 53, at 11 ("Defendants . . . objected to the [Motion to Sell] and gave notice that they intended to refuse to comply with the Exchange Agreement and no longer approved confirmation of the Plan if they were required to honor the Exchange Agreement."); Complaint ¶ 54, at 11-12 ("The objection was made in a way that implied, through omissions of fact and intentionally misleading communications . . . that [Mountain Highlands] had improperly obtained the approvals from Defendants regarding the Exchange Agreement and the Plan.").  This theory, however, is not sustainable given Judge Starzynski's opinion and comments.

Judge Starzynski's Memorandum Opinion states that his decision was not based on developments subsequent to the evidentiary hearing, which took place on February 28, 2007.  Judge Starzynski wrote:

> [Mountain Highlands] has now filed a motion for approval of a §363(f) sale of the [Ski Rio] property.  The Court is making its decision based on the record and the facts as presented at the evidentiary hearing, without regard to more recent developments, including the proposed sale as well as the overall tightening of the

credit markets.

In re: Mountain Highlands, LLC, Debtor, Cause No. 11-06-10011-SA (Doc. 131), Memorandum Opinion in Support of Order Denying Confirmation of Debtor in Possession's Restated Plan of Organization at 5 n. 5, entered December 14, 2007.  The Court has already noted that this language alone is insufficient to preclude the possibility that other factors not explicitly mentioned, including the statements Defendants' counsel made, influenced Judge Starzynski's decision.  See Memo. at 48-49.  Judge Starzynski, however, made further comments at the March 11, 2008, hearing about the grounds for his decision.  Those statements make it clear that the Defendants' actions and statements regarding the Plan and the Motion to Sell played no role in his decision not to confirm the Plan.

Judge Starzynski, after being informed about the Complaint that initiated this case, stated that he had been "struggling with whether or not it would be appropriate to let Mr. Hendrix and Magnolia Mountain withdraw their vote in favor of the [P]lan," but that he "was absolutely delighted that [he] didn't have to decide that issue because . . . just solely based on the presentation" the Plan could not be confirmed.  March 11 Tr. at 17:2-7 (Starzynski).  Judge Starzynski went on: "It was not the request that I understood was . . . to withdraw the approval or withdraw a vote in favor of the [P]lan leading me to deny confirmation. . . . it was precisely almost the opposite . . . because I decided entirely independently of what you-all were wanting to do, that the plan shouldn't be confirmed."  March 11 Tr. at 17:25-18:7 (Starzynski).  Judge Starzynski's statements make it clear that he understood the Defendants to be trying to withdraw their support for the Plan -- a stronger position than the Defendants state they believe they were taking -- but that the Defendants' request had not factored into his analysis.

Mountain Highlands has offered no evidence to rebut this interpretation of Judge

-11-

Starzynski's statements. Instead, Mountain Highlands argues, without citation to supporting legal authority, that it "is impossible to determine what Judge Starzynski *would* have done, absent Defendants' 'statements' at the hearing in question." Response at 4 (emphasis in original). While Mountain Highlands notes the Court's previous ruling, Mountain Highlands does not address the statements Judge Starzynski made at the subsequent March 11, 2008 hearing. Without some evidence to the contrary or some support for its proposition of the impossibility of determining what would have happened, the Court does not see how it would be impossible to determine what Judge Starzynski would have done if things happened differently. Issues of motivation, intent, and but-for causation frequently arise in litigation. Moreover, even under Mountain Highlands' view of the governing standard -- that the Defendants' actions "caused, or increased the likelihood of" denial of the Plan, Response at 4 -- the Defendants would still need to come forward with some evidence that Judge Starzynski's words did not accurately explain his decision. Mountain Highlands has not put forth such evidence.

Mountain Highlands also seems to acknowledge that their original position is untenable in light of Judge Starzynski's statements. See, e.g., Tr. at 25:1-6 (Wesner)(arguing that Judge Starzynski's comments are not fatal to case because he had an incomplete understanding at the time he entered his order). Mountain Highlands states that its claim is better understood as being that Judge Starzynski was not apprised of all the facts when he made his decision -- specifically, that he did not know that Signature Capital was prepared to withdraw its objection until the Defendants' raised their own objection. In the end, however, the claim too lacks evidentiary support to go forward.

## II.  THERE IS NO EVIDENCE THAT THE DEFENDANTS' ACTIONS CAUSED SIGNATURE CAPITAL TO NOT WITHDRAW ITS OBJECTION TO THE PLAN.

This new theory that Mountain Highlands raises, that Judge Starzynski was not misled but rather was unaware of certain key developments, does not save the 2007 claims. Mountain Highlands' argument is that Signature Capital was planning to withdraw its objection to the Plan, but the Defendants' unexpected objection caused them to reconsider.[4] While this line of reasoning might state a cause of action, it finds no support in the record that would allow it to survive summary judgment. The evidence that Mountain Highlands introduces in support of its position consists of Mr. Moore's affidavit and an expert statement. Neither document demonstrates that Signature Capital was on the verge of reversing its position on the Plan until the Defendants made their objection at the November 26, 2007, hearing.

In his affidavit, Mr. Moore states that he had been able to negotiate an agreement with Signature Capital under which Signature Capital would withdraw its objection to the Plan. See Moore Aff. ¶ 2, at 1. Mr. Moore does not state, however, that the Defendants' objection had derailed this deal. To the contrary, it indicates that Signature Capital was prepared to withdraw its objection when Judge Starzynski entered his order, on December 14, 2007, which would be about three weeks after the Defendants had made their objection, on November 26, 2007. Mr. Moore's affidavit indicates a case of bad timing and perhaps grounds for a motion to reconsider in the

---

[4] Mountain Highlands' argument might also be read as being that, if Signature Capital had withdrawn its objection and the Defendants had not objected to the Motion to Sell, the Plan would have been approved, but that the Defendants' objection did not actually influence Signature Capital. The problem with this argument, if Mountain Highlands is indeed making it, is that it ignores the fact that Judge Starzynski's denial of the Plan had nothing to do with any potential disavowal of the Plan on the Defendants' part. The only possible theory of liability that Mountain Highlands could maintain here is that the Defendants' actions caused Signature Capital to abandon its plans to withdraw its objection, in turn leading Judge Starzynski to reject the Plan.

-13-

Bankruptcy Court, but does not support an independent cause of action against the Defendants. Similarly, Mr. Moore's affidavit does not indicate that the Defendants' objection had delayed Signature Capital's decision to withdraw its objection. Even if that were the situation, it is not clear why the proper remedy would not be a motion to reconsider in the Bankruptcy Court or whether the three-week setback would necessarily support a finding of liability.

Mr. Moore's expert statement also does not aid Mountain Highlands' cause. The basis for his opinion is that he was in the final stages of procuring Signature Capital's agreement to withdraw its objection and that the Defendants had "reneged" on the Exchange Agreement. Moore Stmt. ¶ i, at 3. As already explained, however, Judge Starzynski's statements make it clear that the Defendants' position on the Exchange Agreement -- or the Plan as a whole for that matter -- had no effect on his decision; again, there is nothing to link the pending withdrawal of Signature Capital's objection to anything the Defendants had done. In sum, there is no evidence that the Defendants' actions had anything to do with Signature Capital's objection still being pending when Judge Starzynski entered his order. Because neither theory that Mountain Highlands has tendered has support in the record, the Court will dismiss the 2007 claims.

Although Mr. Wesner requested that the Court, if it were inclined to grant the Motion for Partial Summary Judgment, allow Mountain Highlands an opportunity to provide further evidence about Moore's negotiations with Signature Capital, see Tr. at 26:23-27:6 (Wesner), the Court does not believe that approach is appropriate. Rule 56(f) of the Federal Rules of Civil Procedure provides for the filing of an affidavit to show why a party "cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(f). No rule 56(f) affidavit was filed in this case. Additionally, Mountain Highlands states that it would rely on Mr. Moore for the additional facts needed, but Mr. Moore is a friendly witness for Mountain Highlands and has already

given an affidavit and statement on their behalf, even if the Court finds this evidence insufficient to support the 2007 claims.  The Court does not see any reason why Mountain Highlands, if the evidence existed, could not have produced that evidence already.  Accordingly, the Court will grant the Motion for Partial Summary Judgment.  If Mountain Highlands believes that it can produce the necessary evidence, it may filed a motion to reconsider.  If that option is taken, Mountain Highlands should specifically state the evidence it has, justify its previous non-production, and clearly state how it supports a legal cause of action against the Defendants.

Finally, the Court will not award attorneys' fees to the Defendants.  The Defendants requested such an award in their Reply.  See Reply at 8-9.  Under the American rule, fees and costs are not shifted unless some rule or statute creates an exception.  The Defendants have not pointed the Court to any particular rule or statute, but rather seem to be relying on the Court's inherent power to award fees and costs as a sanction for serious misconduct or frivolous filings.  The Court does not believe that Mountain Highlands' litigation of the 2007 claims warrants such a drastic remedy.  To the contrary, the Court's consideration of Mountain Highlands' 2007 claims involved a lengthy review of the record and took a not inconsiderable amount of time to reach a conclusion.  As the Court noted at the hearing, despite having read all the briefing and hearing oral argument, the Court had to take the matter under advisement to reach its decision.  See Tr. at 34:11-13 (Court).  Attorneys' fees are not appropriate in such circumstances.

**IT IS ORDERED** that the Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's 2007 Claims is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven S. Scholl
Dave Wesner
Dixon Scholl & Bailey, P.A.
Albuquerque, New Mexico

>   *Attorneys for the Plaintiff*

Charles V. Henry, IV
Charlotte Hetherington
Donald A. Walcott
Scheuer, Yost, & Patterson, P.C.
Santa Fe, New Mexico

>   *Attorneys for the Defendants*