# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MOUNTAIN HIGHLANDS, LLC, an Oregon
Limited Liability Company,

        Plaintiff/Counterdefendant,

vs.                                        No. CIV 08-0239 JB/ACT

DAVID B. HENDRICKS and MAGNOLIA
MOUNTAIN LIMITED PARTNERSHIP,
a Texas Limited Partnership,

        Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Reconsider Grant of Partial Summary Judgment with Points and Authorities, filed December 8, 2008 (Doc. 53)("Motion"). The Court held a hearing on February 3, 2009. The primary issue is whether the Court should reconsider its grant of partial summary judgment to the Defendants with respect to Plaintiff Mountain Highlands, LLC's 2007 claims and reinstate the 2007 claims that the Court dismissed. The Court will grant the motion to reconsider in part and will revisit its prior rulings. Because, however, the Court continues to believe that there is insufficient evidence that any action attributable to the Defendants led to the United States Bankruptcy Court's denial of Mountain Highlands' Plan for Reorganization ("Plan"), the Court will deny the motion to vacate the partial summary judgment and to reinstate Mountain Highlands' claims. Nevertheless, the Court agrees with Mountain Highlands that there is some ambiguity surrounding the scope of the Court's grant of partial summary judgment. Accordingly, the Court will clarify that the Court has dismissed those claims relying on the denial of the Plan, but has not dismissed all potential claims arising out of the

2007 bankruptcy proceedings.

## PROCEDURAL BACKGROUND

On November 17, 2008, the Court entered a Memorandum Opinion and Order (Doc. 51)("MOO"), granting the Defendants' Motion for Partial Summary Judgment, filed September 3, 2008 (Doc. 19). The Court's decision did not dispose of the entire case, or all the claims by or against any party. See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's grant of partial summary judgment dismissed what the Court and the parties have termed the 2007 claims.

Mountain Highlands now moves the Court to reconsider its dismissal of the 2007 claims. Mountain Highlands contends that the Court and the parties have been using the label "2007 claims" as a convenient shorthand, but that the term has masked differences regarding the scope of the Defendants' motion for summary judgment. Mountain Highlands argues that the Defendants moved only on a limited issue -- whether the Defendants' objection to the Motion to Sell or related statements in the bankruptcy hearing held on November 26, 2007 caused or influenced the Honorable James S. Starzynski, United States Bankruptcy Judge, to deny the Plan. Mountain Highlands maintains that its causes of action arising from the bankruptcy proceedings in 2007 encompass more than this issue and that summary judgment on all 2007 claims on the basis of this limited issue is inappropriate. Mountain Highlands also contends that the Court erred in deciding that the Defendants did not at all influence Judge Starzynski's decision. Mountain Highlands asserts that the Court decided a disputed factual issue to reach its conclusion.

## ANALYSIS

The Court has thoroughly reviewed the arguments and evidence that Mountain Highlands has advanced in support of reconsideration, and has carefully reconsidered its grant of partial summary judgment. The Court concludes that its original ruling was largely correct, but that it requires clarification. Mountain Highlands raises two distinct errors it discerns in the Court's opinion: (i) that the Court's opinion improperly decided disputed issues of fact; and (ii) that the Court's characterization of the 2007 claims is broader that what the Defendants' motion for summary judgment encompassed. While the Court continues to hold that there are no disputed issues of fact regarding Judge Starzynski's ruling, the Court will clarify the boundaries of its grant of partial summary judgment.

**I.   THERE ARE NO DISPUTED ISSUES OF MATERIAL FACT WHETHER JUDGE STARZYNSKI'S DENIAL OF THE PLAN CAN BE TRACED TO ANY ACTION ATTRIBUTABLE TO THE DEFENDANTS.**

The Court believes that it was correct to hold that Mountain Highlands has not shown any disputed issue of material fact whether Judge Starzynski denied the Plan because of the Defendants' actions. While the Court perhaps focused more in its opinion on the issue of Judge Starzynski's incomplete knowledge, rather than on the effect of the Defendants' actions -- at least in part because Mountain Highlands shifted its stance and focused on this alternative theory, see, e.g., Transcript of Hearing at 7:20-8:19 (Court & Wesner), 26:22-27:2 (Wesner)(taken November 6, 2008)(Doc. 54) -- the Court remains of the belief that Judge Starzynski's comments about his reasons for denying the Plan, coupled with his opinion, demonstrate that Judge Starzynski's decision was not based on the Defendants' conduct. Mountain Highlands needs to provide some evidence linking the Defendants to the denial of the Plan.

Mountain Highlands does not introduce any new evidence regarding the reasons for Judge

Starzynski's ruling, but primarily points to Judge Starzynski's statements that he was relieved at not having to decide whether to allow the Defendants to withdraw their support for the Plan or for the Exchange Agreement between Mountain Highlands and the Defendants. While Mountain Highlands is entitled to all reasonable inferences being drawn in its favor, the Court does not see the conclusion that Mountain Highlands attempts to extract from Judge Starzynski's expressions of relief as being a reasonable inference. Judge Starzynski stated his relief at not having to confront a thorny problem, but it is a considerable leap to infer from those statements that the Defendants' actions or words had any effect on his decision. In other words, the Court does not see that an inference could reasonably be drawn from Judge Starzynski's statements that, if the Defendants had not objected to the Motion to Sell or expressed other concerns, Judge Starzynski would have ruled differently than he did. Mountain Highlands' interpretation amounts to speculation.

The background against which Judge Starzynski made his statements shows that the problem was perhaps indeed a difficult one, but that is also clear from Judge Starzynski's words. Even considered against the backdrop of the events in the bankruptcy proceedings, Judge Starzynski's remarks about being relieved at not having to decide a particular issue is too attenuated and speculative to be viewed as contradicting or undercutting his express statements that he rejected the Plan "entirely independent" of the Defendants' actions. Transcript of March 11, 2008 Bankruptcy Hearing at 18:5 (Starzynski)(Doc. 20-3). Mountain Highlands must produce something more to rebut Judge Starzynski's statements that the Defendants' actions and objections did not influence his conclusion that the Plan failed to conform with the Bankruptcy Code's requirements, but it has failed to produce the necessary evidence.

Mountain Highlands also contends that the statements Judge Starzynski made on the record may be skewed because the Defendants' counsel elicited them in a one-sided discussion without

Mountain Highlands' counsel being present.  While there may be an element of unfairness in such an exchange, the transcript is available, revealing the interactions that took place.  Mountain Highlands must produce the evidence needed to rebut the statements.  Mountain Highlands has had ample opportunity to, for instance, approach Judge Starzynski and seek further clarification.  The Court understands Mountain Highlands' difficulties in obtaining evidence in this situation, but ultimately those difficulties are self-imposed.  Mountain Highlands chose to pursue litigation in district court, to raise claims that ultimately involve the reasons that Judge Starzynski denied its Plan, and to not seek statements from Judge Starzynski regarding his motivations.  Earlier in this case, the Court agreed that Mountain Highlands' allegations in the Complaint stated a cause of action.  The Court still believes that to be the case, but at this stage Mountain Highlands must produce evidence, not allegations or speculations.

Paul Fish's expert report and George Moore's statements do not change this result.  As the Court noted previously, Mr. Moore's affidavit and statement establish that he was nearing completion of a deal with Signature Capital Funding, Inc. when Judge Starzynski denied the Plan.  See MOO at 13-14.  In fact, there is some potential inconsistency regarding how far along negotiations were when the Plan was denied confirmation.  Compare Affidavit of George M. Moore ¶ 2, at 1 (executed November 5, 2008)(Doc. 46)("At the time the Bankruptcy Court entered its Order . . . I had negotiated an agreement whereby Signature Capital Funding, Inc. was prepared to withdraw its objection to the Plan . . . "), with Statement of George M. Moore Pursuant to Fed. R. Civ. P. 26(a)(2)(B) ¶ (i), at 3 (Doc. 46)("Moore Stmt.")("[A]t the time the Court entered an order denying confirmation I was in the final stages of drafting a stipulated order . . . .").  Regardless whether the negotiations were complete or on the verge of completion, Mr. Moore's statements do not establish that the Defendants' actions caused Signature Capital to balk.  Instead, Mr. Moore's

statements establish the opposite -- that he had a deal wrapped up or almost wrapped up when Judge Starzynski issued his ruling.  As the Court has already noted, the denial came at an inopportune time for Mountain Highlands, but there is nothing indicating that the Defendants were to blame for anything.

As the Court stated in its earlier opinion, Mr. Moore's expert statement rests on the flawed premise that Capital Funding's objection would be withdrawn.  <u>See</u> MOO at 13; Moore Stmt. (i).  Mr. Fish's report has the same deficiency.  Mr. Fish relies on the assumption that Signature Capital would have withdrawn its objection and approved the Plan.  <u>See</u> Letter from Paul M. Fish to Steven S. Scholl at 1-2 (dated October 7, 2008)(Doc. 45)("I have assumed for purposes of reaching my opinions that Signature Capital . . . would have consented to the modifications consistent with the discussions that George Moore was having with [Signature Capital] . . . .").  Mountain Highlands, however, must trace Signature Capital's decision not to withdraw its objection to some conduct of the Defendants.  Whether the Plan would have been approved if Signature Capital's objection had been withdrawn is irrelevant if the Defendants' actions cannot be shown to be a causal factor in Signature Capital's decision.  While Mountain Highlands has stated on several occasions that Mr. Moore can testify about this causal connection with the Defendants, Mountain Highlands has not produced such a statement.  The Court's previous opinion highlighted the missing causal link and specified the evidence that Mountain Highlands would need to produce to bridge the gap.  Despite the opportunities Mountain Highlands has been afforded, it has yet to come forward with any evidence that would show the necessary link.

In sum, the Court is unconvinced that its reasoning that there is no genuine issue of material fact concerning the basis for Judge Starzynski's opinion was incorrect.  The Court continues to believe that Mountain Highlands has not shown any evidence that would indicate the Defendants's

actions can be tied to the denial of the Plan.  The remaining question, then, is whether the Court's holding on this limited issue was properly grounds for dismissal of several of Mountain Highlands' causes of action.

## II. THE SCOPE OF THE COURT'S GRANT OF PARTIAL SUMMARY JUDGMENT IS LIMITED.

Mountain Highlands contends that, "when the small net cast by Defendants was drawn in the Court's order, all of Plaintiff's 2007 claims were caught in it."  Motion at 6.  Mountain Highlands' metaphor is somewhat off base.  A more apt metaphor would be that of a lynchpin or keystone.  Whether the Defendants' actions influenced Judge Starzynski's rejection of the Plan is a narrow issue, but it is a narrow issue that underlies many of the 2007 claims arising out of the bankruptcy proceedings.  Because this issue is key to these claims, the broad sweep of the Court's November opinion was at least partially appropriate, but some claims may have been incorrectly caught up in that broad sweep or may be misunderstood as being part of that broad sweep.  The Court will therefore more specifically define the scope of the Court's earlier opinion.

The Court will endeavor to separate out what causes of action the Court's prior opinion eliminated.  This task is not an easy one, given the Complaint's incorporation of all factual allegations in each count and the Complaint's apparent reliance on potentially separate factual bases for a cause of action within each individual count.  The Court cannot reasonably parse out every single paragraph in the Complaint, and decide which allegations fail and which do not.  Some of the allegations of damage may depend upon the denial of the Plan, although the Court cannot say for certain based on the pleadings in the Complaint.   For example, the last paragraph of Count I, for fraud, alleges that Mountain Highlands was "damaged as a result of its reasonable reliance on Defendants' promise pursuant to the Exchange Agreement," but does not specify what the damage

is.  Exhibit A to Notice of Removal, filed March 7, 2008 (Doc. 1), Complaint for Damages and

Equitable Relief ¶ 69, at 13 (Docs. 1-2 to 1-4)("Complaint").  If this damage was the rejection of

the Plan, then the claim fails.  If the damage is independent of Judge Starzynski's rejecting the Plan,

the claim may be valid.  Many of the counts are pled at a level of generality that makes it difficult

to discern whether they survive or not.  That level of pleading may be satisfactory at an earlier stage,

but given the way the case has shaped up, it makes separating the good claims from the bad difficult.

The Court will specify which counts are encompassed in its grant of partial summary judgment to

the extent it is able.  Additionally, any count that relies upon the denial of the Plan, whether for

damages or otherwise, is within the Court's earlier grant of summary judgment.

At the hearing, Steven Scholl, Mountain Highlands' attorney, admitted that the following

language from the Court's earlier opinion was broad enough to encompass many, if not all, of the

Complaint's counts:

> Because the Court concludes that there is insufficient evidence that any action
> attributable to the Defendants led to the Plan's failure, either directly or by causing
> Signature Capital Funding, Inc. to continue with its objection to the Plan, [either
> directly or by causing Signature Capital Funding, Inc. to continue with its objection
> to the Plan, the Court will grant the Motion for Partial Summary Judgment.]

Transcript of Hearing at 17:11-25 (taken February 3, 2009)(Court & Scholl)("Tr.")(quoting MOO

at 1).[1]  Mr. Scholl, however, articulated a cause of action that he believed was not inextricably tied

up with Judge Starzynski's denial of the Plan.  Mr. Scholl contended that the Defendants breached

the Exchange Agreement, placing Mountain Highlands, who had relied on the agreement, in a

bargaining disadvantage over the Motion to Sell.  See, e.g., Tr. at 18:5-7 (Scholl); id. at 26:21-29:4

(Court & Scholl).  This cause of action does appear to avoid the problem of circling back to the

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

denial of the Plan.  This particular issue was not briefed -- either in the present motion or in the original motion for summary judgment -- and the Court does not understand its grant of partial summary judgment to extend to such a claim.  The Court also does not, however, express any opinion at this point whether Mountain Highlands' Complaint pleads such a theory or whether this theory is supported with sufficient evidence.

In addition to these broad clarifications -- that any cause of action relying in some way on the denial of the Plan cannot survive, but a breach of the Exchange Agreement placing Mountain Highlands at a bargaining disadvantage is not within the scope of the Court's grant of summary judgment -- the Court will attempt to pinpoint some portions of the Complaint that cannot stand. Three of the counts in the Complaint contain allegations that do not survive summary judgment: (i) Count II; (ii) Count IV; and (iii) Count VI.  Three of the counts, however, contain allegations regarding the 2007 bankruptcy proceedings that might survive to a degree: (i) Count I; (ii) Count II; and (iii) Count VI.

Count II of the Complaint, asserting interference with prospective economic advantage, contains an allegation that the Defendants "blocked Plaintiff's Plan for Reorganization by reneging on their commitment to the Exchange Agreement . . . ."  Complaint ¶ 71, at 6.  This allegation mentions the Exchange Agreement.  The reference, however, is in a manner indicating that the denial of the Plan was the ultimate result of the alleged repudiation and therefore falls within the grant of summary judgment.

Count IV of the Complaint is for breach of the covenant of good faith and fair dealing.  The essence of the harm that Mountain Highlands alleges in Count IV is that the Defendants orchestrated an objection to bring about the failure of the Plan.  Mountain Highlands alleges that the Defendants' actions were "for the intended purpose of disapproving Plaintiff's Plan and causing it to fail."

Complaint ¶ 84, at 17.  Mountain Highlands further alleges that the "Defendants knew or should have known that objecting to Plaintiff's aforementioned bankruptcy sale would cause, or increase the likelihood of, Plaintiff's Plan not being confirmed." Id. ¶ 85, at 17.  While Mountain Highlands alleges that the Defendants' actions were performed with the intent to free themselves from the Exchange Agreement, see id., the allegations in Count IV focus on the failure of the Plan as being the actual damage that resulted from the alleged breach of the covenant.  The Exchange Agreement allegation provides only an allegation of motive.  Accordingly, Count IV is premised on the Defendants' actions having caused or facilitated Judge Starzynski's denial of the Plan and is therefore within the grant of summary judgment.

Count VI, for prima-facie tort, contains, at least in part, allegations that rely on the denial of the Plan.  In paragraph 99, Mountain Highlands alleges: "Defendants intentionally blocked Plaintiff's Plan for reorganization at the eleventh hour without reasonable justification, solely out of an intent to injure Plaintiff." Complaint ¶ 99, at 19.  In paragraph 100, Mountain Highlands again alleges damages flowing from the "Defendants' actions in blocking the Plan . . . ." Complaint ¶ 100, at 19.  These particular allegations in Count VI present a theory that does not survive summary judgment.

Paragraph 100, however, also alleges that the "repudiation of the Exchange Agreement" was a source of harm. Id. ¶ 100, at 20.  Similarly, paragraph 69, in Count I, mentions damages "as a result of its reasonable reliance on Defendants' promise pursuant to the Exchange Agreement . . . ." Complaint ¶ 69, at 13.  Finally, paragraph 72, in Count II, alleges that the Defendants' objection interfered with Mountain Highlands' sale, rather than the Plan approval. See id. ¶ 72, at 15.  To the extent that these allegations rely on the rejection of the Plan, they are within the Court's grant of summary judgment.  To the extent they rest on Mr. Scholl's theory of damage because of a

weakened bargaining position, they remain viable for now, although the Court reiterates that it is not ruling on the sufficiency of such claims at this point, but only clarifying that its previous grant of summary judgment would not extend that far.

The Court will not grant the Defendants the costs and attorneys' fees they request in response to the Motion. While the Court upholds its earlier ruling, the Court believes that Mountain Highlands' motion was in good faith and that the clarification that Mountain Highlands has obtained shows that the motion was not frivolous. The Court does not believe that an award of fees or costs is warranted at this stage.[2]

**IT IS ORDERED** that the Plaintiff's Motion to Reconsider Grant of Partial Summary Judgment with Points and Authorities is granted in part and denied in part. The Court has carefully reconsidered its grant of partial summary judgment, but will not vacate or reverse the partial summary judgment. The Court will clarify the reach of its grant of partial summary judgment as stated in this opinion.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, the Defendants rely on clauses in the Exchange Agreement and the promissory notes they hold in support of their request for fees. All of these instruments provide for an award of fees and costs to the prevailing party in litigation. The Court has yet to enter final judgment on any claims in the case. It would be premature to award fees and costs at this stage in the proceedings based on the contracts.

*Counsel:*

Steven S. Scholl
Dave Wesner
Dixon Scholl & Bailey, P.A.
Albuquerque, New Mexico

> *Attorneys for the Plaintiff/Counterdefendant*

Charles V. Henry, IV
Donald A. Walcott
Charlotte Hetherington
Scheuer, Yost, & Patterson, P.C.
Santa Fe, New Mexico

> *Attorneys for the Defendants/Counterclaimants*