IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOUNTAIN HIGHLANDS, LLC,
an Oregon Limited Liability Company,

       Plaintiff/Counterdefendant,

vs.                                                                                   No. CIV 08-0239 JB/ACT

DAVID HENDRICKS, and MAGNOLIA
MOUNTAIN LIMITED PARTNERSHIP,
a Texas limited partnership,

       Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Counterclaimants' Motion for Partial Summary Judgment for Monies Due, filed December 12, 2008 (Doc. 55). The Court held a hearing on February 3, 2009. The primary issues are whether the Court should grant judgment in the Defendants-Counterclaimants' favor on: (i) the amounts due on two promissory notes the Defendants hold; and (ii) the amount due for their contribution of real property to Plaintiff-Counterdefendant Mountain Highlands, LLC's sale of the Ski Rio property in January 2008. Because the Court concludes that Mountain Highlands has not properly elected to seek rescission on the $450,000.00 promissory note, and has no other viable defenses, the Court will grant summary judgment on that note as to Mountain Highlands' liability, subject to recoupment or setoff in any amount that Mountain Highlands is awarded on its 2003 claims against the Defendants. Because Mountain Highlands has sought rescission on the $500,000.00 promissory note, and has a fraud claim that has survived summary judgment, the Court will not grant full summary judgment on that note. If Mountain Highlands, however, is not successful on its fraud claim, then it will be liable on

that note as well.  Finally, the Court concludes that there are genuine issues of material fact regarding the Defendants' contribution of property to the Ski Rio sale that precludes summary judgment.

## FACTUAL BACKGROUND

Most of the background facts relevant to the resolution of this motion are undisputed.  In 2003, as part of Mountain Highlands' purchase of the Ski Rio property from the Defendants, Mountain Highlands executed two promissory notes in favor of Magnolia Mountain.  See Memorandum of Points and Authorities in Support of Counterclaimants' Motion for Partial Summary Judgment for Monies Due ¶¶ 1-2, at 2, filed December 12, 2008 (Doc. 56)("Memorandum").  One note was for $450,000.00; the other was for $500,000.00.  Since then, the Ski Rio property has been at the center of numerous lawsuits, both in state and federal court, and Mountain Highlands has never paid any amount under the notes.  See id. ¶ 3, at 2.  The parties disagree, however, whether Mountain Highlands has any obligation to pay.  In particular, Mountain Highlands contends that the Defendants committed fraud during the 2003 sale.

In 2006, Mountain Highlands filed a Chapter 11 bankruptcy.  During the bankruptcy proceeding, the parties entered a land-swap agreement -- the Exchange Agreement -- which included a provision discharging the promissory notes.  Mountain Highlands' Plan for Reorganization ("Plan") was not approved in the Bankruptcy Court, but Mountain Highlands was able to sell the Ski Rio property to a third party pursuant to a Stipulated Interim Order in the Bankruptcy Court. See Memorandum ¶ 8, at 3.  Part of that sale involved several parcels of land that the Defendants had owned, see id. ¶¶ 9-10, at 3, although the parties dispute whether the Defendants had transferred the properties to Mountain Highlands as part of the Exchange Agreement, making Mountain Highlands the real owner at the time of the sale, see Plaintiff's Response to Motion for Partial

Summary Judgment for Monies Due at 5, filed January 9, 2009 (Doc. 63)("Response"). The Defendants have not received any of the proceeds of that sale. The parties dispute, however, whether the Defendants are entitled to payment and if so, what the amount due should be.

## PROCEDURAL BACKGROUND

The Defendants move the Court for summary judgment on amounts they allege are owed to them under two promissory notes and their contribution of real property to the Ski Rio property sale. The Defendants contend that Mountain Highlands owes $950,000.00, plus six-percent per annum interest on the two notes. Additionally, they maintain that Mountain Highlands owes $942,000.00 for the Defendants' contribution of real property, basing this amount on the Report of Pavel Lukes. See Exhibit 3 to Memorandum, Report of Pavel Lukes at 2 (Doc. 56-2)("Lukes report").

Mountain Highlands argues that numerous contested issues of fact pervade the matters here and prevent summary judgment. Mountain Highlands maintains that the promissory notes were discharged as part of the Exchange Agreement. Mountain Highlands further contends that the Defendants procured the notes through fraud and that it is entitled to offset any amounts owed with any recovery on its claims in this case. Mountain Highlands also argues that the Lukes report is full of errors and fails to account for a number of factors that are laid out in the affidavit of Robert M. Janes, the Vice President of Shepard's Group, Inc., the managing member of Mountain Highlands. See Exhibit A to Response, Affidavit of Robert M. Janes (executed January 7, 2009)(Doc. 63-2)("Janes Aff.").

## ANALYSIS

The Defendants are seeking judgment on the amounts they contend are due to them under two promissory notes and for their contribution of property to the Ski Rio sale. On one of the notes -- the $500,000.00 note -- Mountain Highlands has sought rescission for fraud. Until this fraud

claim is resolved, the Defendants cannot collect on the note. Mountain Highlands has not properly sought rescission on the other note -- the $450,000.00 note -- and the Court concludes that Mountain Highlands is liable on that note, although the amount may ultimately be reduced or eliminated through recoupment or setoff. Additionally, there are disputed factual issues that preclude summary judgment on whether and how much the Defendants are due for their contribution of property.

**I.      MOUNTAIN HIGHLANDS IS NOT LIABLE ON THE $500,000.00 PROMISSORY NOTE IF IT PREVAILS ON ITS FRAUD CLAIM, BUT IS LIABLE ON THE $450,000.00 PROMISSORY NOTE, SUBJECT TO RECOUPMENT OR SETOFF.**

The Defendants contend that the two promissory notes Mountain Highlands executed in favor of Magnolia Mountain are immediately due and that judgment should be entered in their favor on the notes. Mountain Highlands raises three main arguments in defense: (i) that the Exchange Agreement discharged the notes; (ii) that the Defendants defrauded Mountain Highlands into entering the transaction underlying the notes; and (iii) that Mountain Highlands still has claims against the Defendants in this case, making the amount it might owe the Defendants unclear at this point because Mountain Highlands is entitled to have any damages they recover in this litigation as a setoff against the notes. Ultimately, the Court concludes that, because there is a genuine dispute of material fact regarding Mountain Highlands' fraud claim, the Defendants cannot collect at this time on the $500,000.00 note -- which Mountain Highlands seeks to rescind. The Court will address the other defenses Mountain Highlands raises, however, to clarify the legal rights of the parties with respect to the notes. Unlike the fraud claim, Mountain Highlands' other defenses are unavailing. Whether Mountain Highlands is liable to the Defendants on the $500,000.00 note is therefore inextricably tied up with its fraud claim. If Mountain Highlands succeeds on its fraud claim, it will not be liable on the note. On the other hand, if its fraud claim fails, it will be liable on the note. Because Mountain Highlands has not sought rescission of the $450,000.00 note, the Defendants are

entitled to summary judgment on the note, but Mountain Highlands may use the amount of the note as part of its damages if it proves fraud at trial or may use any amounts recovered as recoupment or setoff against that note.

Section 7 of the Exchange Agreement, on which Mountain Highlands relies for its discharge argument, provides: "Confirmation of the Plan and the Court's acceptance of this Agreement as [Magnolia Mountain's] election pursuant to Option D of Part 6.3.3 of the Plan shall discharge [Mountain Highlands] from any obligation to pay the two Notes held by [Magnolia Mountain]." Exhibit B to Complaint, Exchange Agreement § 7, at 2 (dated January 22, 2007)(Doc. 1-10). This clause makes confirmation of the Plan an express condition for the discharge of the promissory notes. Mountain Highlands' Plan was not approved. The failure of that condition means that the Exchange Agreement has not discharged Mountain Highlands' obligations under the notes. See, e.g. Wood v. Cunningham ¶ 7, 140 N.M. 699, 702, 147 P.3d 1132, 1135 (Ct. App. 2005)(noting that conditions are prerequisites to performance provided parties intended them to be prerequisites); Restatement (Second) of Contracts § 225 (noting general rule that performance is excused upon failure of condition); 17A Am. Jur. 2d Contracts § 601 (same). Additionally, the Court has granted summary judgment to the Defendants on the issue of their potential liability for the failure of the Plan and found that the Defendants cannot be held liable for the Bankruptcy Court's rejection of the Plan. See Memorandum Opinion and Order at 10-14, entered November 17, 2008 (Doc. 51); Memorandum Opinion and Order at 1, entered February 5, 2009 (Doc. 75). Mountain Highlands therefore cannot rely on discharge as a defense.

As between the original parties to a promissory note, fraud in the inducement is a defense. See N. M. S. A. 1978, § 55-3-305(a)(2) (noting that an obligor on a note may raise "a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right

to payment under a simple contract"); 12 Am. Jur. 2d Bills and Notes § 578 (noting that general rule under Uniform Commercial Code is that fraud in the inducement is a defense between original parties, although not against a holder in due course). The Court understands Mountain Highlands' Complaint to seek, in effect, rescission of only one of the two notes. Mountain Highlands specifically seeks to void the $500,000.00 note because it was "procured by fraud." Complaint, Prayer for Relief ¶ 1, at 20. On the second note, however, Mountain Highlands seek to void the "interest and penalties" because the specific property the note was for "had no value and was instead only a financial burden to the Plaintiff until after the title was cleared . . . and had no value afterward because Plaintiff was already forced into protective bankruptcy, so the property had no value to Plaintiff until it was sold in January 2008." Id. ¶ 2, at 20. In its briefing, Mountain Highlands seems to raise fraud as a defense to both of the notes. The Court believes, however, that the Defendants are entitled to move on the basis of the relief that Mountain Highlands has actually sought in its Complaint. Mountain Highlands has properly sought only to cancel one of the notes for fraud.

The maker of a promissory note who alleges fraud has the option of either affirming the note and suing for damages for the fraud, or seeking to rescind the note. See Chavarria v. Fleetwood Retail Corp. of New Mexico ¶ 14, 137 N.M. 783, 791, 115 P.3d 799, 807 (Ct. App. 2005)(stating that a party claiming fraud has the choice between seeking damages or rescission), rev'd in part on other grounds by Chavarria v. Fleetwood Retail Corp., 140 N.M. 478, 143 P.3d 717 (2006). On the $450,000.00 note, Mountain Highlands' Complaint indicates that it has elected not to rescind the note. Instead, Mountain Highlands seeks only to avoid any interest accrued up until January 2008. Mountain Highlands has not raised this point in its briefing, however, and the Court does not see what the legal basis would be to block off only the interest payments, particularly as the New

Mexico Court of Appeals has held that the Defendants transferred good title to Mountain Highlands. Because Mountain Highlands has no other viable defense to liability on the note, the Defendants are entitled to collect on that note. Mountain Highlands, however, will be able to collect damages for fraud on the basis of that note should it prove its claims for fraud at trial and will be able to reduce the extent of its liability on the $450,000.00 note.

On the other note, for $500,000.00, Mountain Highlands has decided to seek rescission. Because Mountain Highlands' fraud claim remains viable, complete summary judgment on this note is inappropriate at this time. Should Mountain Highlands' fraud claim prove unsuccessful at trial, however, the Defendants will be entitled to collect on the note. With respect to the $500,000.00 note, the Court will therefore grant partial summary judgment to the extent that Mountain Highlands will be liable on the note unless it proves fraud at trial. Additionally, because Mountain Highlands is pursuing rescission on this particular note, the note cannot properly be part of any damages calculation if Mountain Highlands succeeds on its fraud claim.

In its motion for summary judgment on the 2003 claims, the Defendants argue that Mountain Highlands has waived any claims for rescission because it affirmed the contract. The Court indicated that it would consider that particular argument in the context of this motion. The Court, however, believes that the outcome is the same as the waiver argument with respect to the fraud claim more generally. There is a general issue of material fact whether Mountain Highlands has waived any claim for fraud. Along with the rest of the fraud claim, that particular issue must be left for trial.

Finally, Mountain Highlands contends that the Defendants have not invoked the acceleration clauses in the notes. The acceleration clauses provide: "Upon the occurrence of any Event of Default . . . Holder will have the option to accelerate maturity and demand immediate payment . .

-7-

. . Holder's failure or delay in exercising any remedy upon Borrower's default will not constitute a waiver of that or any default . . . . " Exhibits 1 & 2 to Memorandum, Promissory Notes ¶ 7, at 1 (dated August 5, 2003)(Docs. 56-1, 56-2). Even if Magnolia Mountain had not exercised its acceleration rights earlier, it is now seeking to enforce its rights under the note. Mountain Highlands has offered no argument that the Defendants' current efforts should not be construed as a valid invocation of the acceleration clauses.

Mountain Highlands also appears to assert setoff or similar doctrines as a defense. Mountain Highlands has not specified under what theory it is asserting a defense, but at the hearing, Steven Scholl, Mountain Highlands' attorney, stated that he viewed the same facts underlying the 2003 claims as being available defensively. Although setoff or recoupment per se are not defenses to liability on a note, they may be employed to reduce the amounts due on a note.[1] A payee's rights are subject to "a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument . . . ." N.M.S.A. 1978 § 55-3-305(a)(3). Mountain Highlands' 2003 claims are, at least in part, going forward. These claims arise out of the same transaction that generated the promissory notes. Mountain Highlands could therefore assert recoupment as a defense to the $450,000.00 note that it is not seeking to rescind.

Mountain Highlands, however, has not chosen to proceed defensively, but to affirmatively sue for fraud, which means that the amount of the note will not cap its potential recovery. The Defendants argue that "whether Mountain Highlands prevails at all in any of its claims will not affect the amounts due to Defendants on their Counterclaim." Reply at 3. The cases that the

---

[1] Recoupment and setoff are distinct, but associated, concepts. A setoff is "a defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim." Black's Law Dictionary (8th ed. 2004). A recoupment is a "[r]eduction of a plaintiff's damages because of a demand by the defendant arising out of the same transaction." Id.

-8-

Defendants cite, however, do not support that proposition. Sunwest Bank of Roswell, N.A. v. Miller's Performance Warehouse, Inc., 112 N.M. 492, 816 P.2d 1114 (1991), largely concerns whether a set-off of judgment or an attorney's charging lien had priority status over a plaintiff's award, but noted that "courts of chancery invoked the procedure of set-off to achieve equity and justice by adjusting in one suit all conflicting claims between parties that were readily susceptible to an expedient and final resolution." Id. at 494, 816 P.2d at 1116. Washington v. Atchison, Topeka and Santa Fe Ry. Co., 114 N.M. 56, 834 P.2d 433 (Ct. App. 1992), held that setoff was not an affirmative defense in New Mexico and therefore did not need to be pled, but could be raised in a post-verdict motion. See id. at 58, 60, 834 P.2d at 435, 437.

The scenario here indicates that setoff or recoupment would be appropriate. The Defendants' counterclaim seeks recovery on the promissory notes, while Mountain Highlands has a direct claim for fraud involving the transaction that led to the notes. This factual scenario fits the basic outline of either setoff or recoupment, and is a good candidate "to achieve equity and justice by adjusting in one suit all conflicting claims between parties that [are] readily susceptible to an expedient and final resolution." Sunwest Bank of Roswell, N.A. v. Miller's Performance Warehouse, Inc., 112 N.M. at 494, 816 P.2d at 1116. Neither side has cited to the Court any authorities to help distinguish how this situation should be handled procedurally. It would be excessively formalistic to say, however, that Mountain Highlands' 2003 claims are not related to the counterclaim on the notes or to say that Mountain Highlands should not be able to pursue either setoff or recoupment here. While neither setoff nor recoupment will provide a defense to liability on the note, Mountain Highlands should be able to recover if it proves its claims to a jury. The best course of action at this point would be for Mountain Highlands to decide whether it will seek damages on the note in its direct claims or whether it wants to instead pursue setoff against the note if it is successful on its

remaining 2003 claims.

In sum, Mountain Highlands is liable for the full amount of the $450,000.00 note, plus interest, less any damages recovered at trial for its 2003 claims. Mountain Highlands' liability on the $500,000.00 note cannot be determined until Mountain Highlands' fraud claim is resolved. If the fraud claim is resolved favorably to Mountain Highlands, the note will be rescinded, but Mountain Highlands cannot seek damages on the basis of the note. If the fraud claim is not resolved favorably to Mountain Highlands, it will be liable for the entire $500,000.00, plus interest.[2]

## II. THERE ARE GENUINE DISPUTES OF MATERIAL FACT REGARDING THE VALUE OF THE CONTRIBUTED PROPERTY.

The Defendants also contend that they are owed money from their contribution of real property to the Ski Rio property sale. Mountain Highlands counters that the Lukes report the Defendants submit in support of their claim as to the amount owed is flawed and that the genuine value of the property the Defendants contributed cannot yet be determined. The Court agrees with Mountain Highlands that there are genuine disputes of material fact regarding the value of the property involved in the sale, precluding summary judgment.

Janes' affidavit contains statements that a significant amount of the value of the Ski Rio property sale was the result of improvements and other features that belonged to Mountain Highlands: (i) a power line Mountain Highlands built; (ii) the Silvertree lodge; and (iii) water rights. See Janes Aff. ¶¶ 3-4, at 1-2. Janes asserts that the value of the Defendants' share of the sale will

---

[2] Mountain Highlands can seek recoupment or setoff to lessen the amount due on this note. Given the way the case has shaped up, however, the only 2003 claims remaining are for fraud and breach of warranty. The breach-of-warranty claim is also dependent on the fraud claim. See Memorandum Opinion and Order at 15-16, entered February 13, 2009 (Doc. 78). If the fraud claim fails, then Mountain Highlands will effectively have no defense either for fraud or recoupment, and will be liable for the entirety of the note.

likely be established at around $400.00-$500.00 per acre.  See id. ¶ 5, at 2.  While Janes' affidavit is not an expert report, Janes is the Vice President of Shepard's Group, Inc., the managing member of Mountain Highlands.  See id. ¶ 1, at 1.  Although the Court need not decide the issue at this time, Janes' statements about the value of the land may be admissible under the owner exception.  See United States v. 10,031.98 Acres of Land, More or Less, Situate in Las Animas County, Colo., 850 F.2d 634, 636-37 (10th Cir. 1988)(holding that owner of land may testify to the value of land without qualifying as an expert); Continental Pipe Line Co. v. Irwin Livestock Co., 625 P.2d 214, 217 (Wyo. 1981)(noting that president of corporation owning land entitled to testify as to value of land); Oxon Hill Recreation Club, Inc. v. Prince George's County, 281 Md. 105, 109, 375 A.2d 564, 566-67 (1977)(noting that officer of corporation may testify about land value despite not being an expert if it is shown officer possesses special knowledge).  But see City and County of Honolulu v. International Air Service Co., Ltd., 63 Haw. 322, 332, 628 P.2d 192, 200 (1981)(holding that officers of corporations not may not testify about land values without being qualified as experts).  Regardless, Janes is reporting appraised values that were determined as part of the actual sale of the Ski Rio property.  He is reporting historical facts that provide evidence of the value of the land.  The Court thus believes that Janes' affidavit can properly be considered as rebuttal evidence to Lukes' report.[3]  The issues Janes raises create a dispute as to the proper value to be assigned to the contributed property at issue here.  Accordingly, the Court will deny summary judgment with

---

[3] The Defendants did not object to Janes' affidavit on the grounds that he was reporting appraised values.  They only objected to Janes testifying as an expert in his own right.  The Court need not decide at this time whether Janes' testimony about appraised values would be admissible at trial.

respect to the contributed property.[4]

**IT IS ORDERED** that the Counterclaimants' Motion for Partial Summary Judgment for Monies Due is granted in part and denied in part. The Court grants the motion with respect to Plaintiff-Counterdefendant Mountain Highlands, LLC's liability on the $450,000.00 promissory note in favor of Defendant-Counterclaimant Magnolia Mountain Limited Partnership, subject to recoupment or setoff by any amount Mountain Highlands is awarded on its 2003 claims. The Court grants the motion in part with respect to Mountain Highlands' liability on the $500,000.00 promissory note should Mountain Highlands not prevail on its claim for fraud. The Court otherwise denies the motion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven S. Scholl
Dave M. Wesner
Dixon Scholl & Bailey, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff/Counterdefendant*

---

[4] Mountain Highlands also disputes whether the Defendants can properly be considered the owners of the property contributed under the Stipulated Interim Order. This point, which appears to involve complex issues involving the bankruptcy proceedings and the interpretation of the Exchange Agreement, was not significantly addressed in the briefing. Given that the Court finds a genuine issue of material fact regarding the value of the property that precludes summary judgment, the Court will not address this point at the present time.

Charles V. Henry, IV
Donald A. Walcott
Charlotte Hetherington
Scheuer, Yost, & Patterson, P.C.
Santa Fe, New Mexico

    *Attorneys for the Defendants/Counterclaimants*