# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MOUNTAIN HIGHLANDS, LLC,
an Oregon Limited Liability Company,

       Plaintiff/Counterdefendant,

vs.                                          No. CIV 08-0239 JB/ACT

DAVID HENDRICKS, and MAGNOLIA
MOUNTAIN LIMITED PARTNERSHIP,
a Texas limited partnership,

       Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Reconsider Memorandum Opinion and Order Document #75, filed February 27, 2009 (Doc. 85). The Court held a hearing on June 5, 2009. The primary issue is whether the Court should order that all of Plaintiff Mountain Highlands, LLC's potential claims from 2007 be dismissed. For the reasons stated at the hearing, and because the Court continues to believe that its previous grant of summary judgment was not broad enough to encompass a particular theory Mountain Highlands has now articulated, the Court will not dismiss any potential 2007 claims, but instead will allow the Defendants to file a new motion for summary judgment out of time, to put the issue squarely before the Court.

## PROCEDURAL BACKGROUND

On November 17, 2008, the Court entered a Memorandum Opinion and Order granting the Defendants' motion for summary judgment, and dismissing Mountain Highlands' "2007 claims" on the grounds that there was no evidence that the Defendants' actions had anything to do with the objection of Signature Capital Funding, Inc. pending before then-United States Bankruptcy Judge

James Starzynski[1] when Judge Starzynski denied Mountain Highlands' plan for reorganization. Doc. 51 at 14.  Contending that the Defendants' motion for summary judgment was not broad enough to dispose of all its 2007 claim, Mountain Highlands moved the Court to reconsider its ruling.  See Plaintiff's Motion to Reconsider Grant of Partial Summary Judgment with Points and Authorities at 2, filed December 8, 2008 (Doc. 53).  The Court agreed that the term "2007 claims" has been a source of some confusion in this case and held that, during a hearing on the motion to reconsider, Mountain Highlands's attorney, Steven Scholl, had

> articulated a cause of action that he believed was not inextricably tied up with Judge Starzynski's denial of the Plan.  Mr. Scholl contended that the Defendants breached the Exchange Agreement, placing Mountain Highlands, who had relied on the agreement, in a bargaining disadvantage over the Motion to Sell.  This cause of action does appear to avoid the problem of circling back to the denial of the Plan. This particular issue was not briefed -- either in the present motion or in the original motion for summary judgment -- and the Court does not understand its grant of partial summary judgment to extend to such a claim.  The Court also does not, however, express any opinion at this point whether Mountain Highlands' Complaint pleads such a theory or whether this theory is supported with sufficient evidence.

Memorandum Opinion and Order at 8-9, entered February 5, 2009 (Doc. 75)(citations omitted).

The Defendants now take their turn at asking the Court to reconsider the scope of the Court's grant of summary judgment.  They contend that the evidence in the record does not support Mountain Highlands' most recent theory, and that Mountain Highlands has had the opportunity to explain the basis for its claims and that the Court has rejected this theory.  Mountain Highlands counters that the Defendants' motion to reconsider is a motion for summary judgment in disguise and that the Defendants' earlier motion for summary judgment was too narrow to encompass all their claims arising from the bankruptcy proceedings, and thus Mountain Highlands has never had

---

[1] Judge Starzynski has since been appointed Chief Bankruptcy Judge for the District of New Mexico.

an obligation to defend those claims on which the Defendants have not moved.  See Plaintiff's Response to Motion to Reconsider Memorandum Opinion and Order, Document #75 at 3, filed March 20, 2009 (Doc. 93).

## ANALYSIS

As the Court explained at the hearing, the Court believes that the best way to resolve this dispute is to allow a new motion for summary judgment to be filed.  Both sides have raised some valid points.  To place the issue squarely before the Court about whether any of the 2007 claims should survive at this point, the Court will allow the Defendants to move again and out of time for summary judgment.

The Defendants' original motion for summary judgment was aimed at all the 2007 claims, although the Court later found, on reconsideration, that the motion was not broad enough to cover the theory Mr. Scholl has raised about a loss of bargaining strength.  In addition, the Court is concerned that Mountain Highlands' claims arising out of the 2007 bankruptcy proceedings have been something of a mirage, constantly reappearing elsewhere when the Court and the Defendants draw close to them.  These factors weigh against allowing Mountain Highlands' new theory to go to trial.

On the other hand, Mountain Highlands has raised valid concerns.  The Defendants' original motion for summary judgment was based on a narrow premise, and the Court later agreed that this premise was insufficient to encompass one of the theories of recovery Mr. Scholl stated.  It would be difficult for the Court to say that the Defendants have necessarily met their burden of placing all the possible 2007 claims at issue.

The best solution to this impasse is to directly address whether Mountain Highlands' new theory is a feasible one.  By giving both sides the opportunity to fully address whether the Complaint

raises such a claim and whether the record can support it, the Court will be able to rule squarely on the merits of the issue.  If this were the eve of trial, such an approach might not be appropriate, but time remains for the Court to be able to rule before the trial so that the parties can prepare.  Therefore, as the Court stated at the hearing, the Court will provide the Defendants with an opportunity to file a new motion for summary judgment, or refile their old one if they wish, and the Court will set an expedited briefing schedule.  Mountain Highlands will respond by June 12, 2009, and the Court will set a hearing on the new motion for June 18, 2009.

**IT IS ORDERED** that the Defendants' Motion to Reconsider Memorandum Opinion and Order Document #75 is denied.  The Court will, however, allow the Defendants to move again for summary judgment, on an expedited basis, as explained in this memorandum opinion and order.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Steven S. Scholl
Dave M. Wesner
Dixon Scholl & Bailey, P.A.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff/Counterdefendant*

Charles V. Henry, IV
Donald A. Walcott
Charlotte Hetherington
Scheuer, Yost, & Patterson, P.C.
Santa Fe, New Mexico

     *Attorneys for the Defendants/Counterclaimants*