## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MOUNTAIN HIGHLANDS, LLC,
an Oregon Limited Liability Company,

        Plaintiff/Counterdefendant,

vs.                                      No. CIV 08-0239 JB/ACT

DAVID HENDRICKS, and MAGNOLIA
MOUNTAIN LIMITED PARTNERSHIP,
a Texas limited partnership,

        Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Reconsider Memorandum Opinion and Order Document #81, filed February 27, 2009 (Doc. 86). The Court held a hearing on June 5, 2009. The primary issues are: (i) whether the Court should reconsider its earlier decision that Plaintiff Mountain Highlands, LLC may seek rescission on a $500,000.00 promissory note; and (ii) whether the Defendant Magnolia Mountain Limited Partnership is entitled to the immediate disbursement of funds from the Court Registry for both promissory notes in this case. Because the Court has dismissed the claims that were a barrier to Magnolia Mountain's entitlement to collect on the notes, the Court will change that portion of its earlier ruling, and because there is no just reason to delay entry of judgment, the Court will enter a partial judgment and order an immediate disbursement of funds for the amounts on the notes.

## PROCEDURAL BACKGROUND

As part of its purchase of the Ski Rio property, Mountain Highlands executed two promissory notes in favor of Magnolia Mountain, one for $500,000.00 and another for $450,000.00.

Finding that Mountain Highlands had pled a defense of rescission to the $500,000.00 note that was supported by a viable fraud claim, the Court held that it could not determine as a matter of law that Mountain Highlands was liable on the note at that time, but that Mountain Highlands would be liable if it failed to prove fraud at trial. See Memorandum Opinion and Order at 7, entered February 16, 2009 (Doc. 81)("MOO").   Regarding the $450,000.00 note, the Court held that "Mountain Highlands is liable for the full amount of the $450,000.00 note, plus interest, less any damages recovered at trial for its 2003 claims." Id. at 10. The Defendants now ask the Court to reconsider its rulings on the promissory notes.

The Defendants contend that, with respect to the $500,000.00 note, Mountain Highlands does not have a valid defense of rescission.   In support of this, the Defendants argue that Mountain Highlands has elected to bring a fraud claim rather than seek rescission and that, regardless, Mountain Highlands cannot seek rescission because it has sold the underlying property and cannot restore the partes to the status quo ante. See Motion at 2-3.   Additionally, the Defendants contend that there is no legal bar to them receiving immediate payment on the promissory notes and that not disbursing funds would amount to the Defendants posting a bond against the possibility of a damages recovery by Mountain Highlands. See id. at 4-5.

Mountain Highlands responds that the Defendants are incorrectly seizing on a single sentence in a filing indicating that Mountain Highlands did not seek rescission on all of the agreements between Mountain Highlands and the Defendants in their entirety. See Plaintiff's Response to the Motion to Reconsider Memorandum Opinion and Order Document #81 at 2, filed March 20, 2009 (Doc. 91)("Response").  According to Mountain Highlands it has never abandoned its rescission claim, noting that a proposed amended complaint filed after the document the Defendants cite retains a rescission request. See id. at 2-3. Mountain Highlands further argues that

it has consistently taken the position that the consideration it was to receive for the $500,000.00 note was not property, but the completion of the foreclosure process to deliver an immediately profitable property to Mountain Highlands and also that failure of consideration, rather than return of consideration, is a prerequisite to rescission. See id. at 3-6. Finally, Mountain Highlands maintains that release of the impounded funds would be premature at this time, because the $500,000.00 note is subject to rescission and the $450,000.00 note is subject to recoupment or setoff, with no final ruling from the Court in place. See id. at 6-7.

In reply, the Defendants contend that Mountain Highlands has changed its position regarding what the consideration for the $500,000.00 note was. The Defendants understand Mountain Highlands as having long maintained that the note was to cover an increase in property price because of the conveyance of marketable title. See Reply in Support of Motion for Reconsideration of Document #81 at 1-5, filed April 10, 2009 (Doc. 96)("Reply"). The Defendants observe that any marketable title claims are dismissed and urge the Court to not let Mountain Highlands change theories midstream. See id. at 3-5. Lastly, the Defendants argue that Mountain Highlands' stance is in direct contradiction of the terms of the Purchase Agreement for the Ski Rio sale, which states that the $500,000.00 note is consideration for conveying the Paradise Hotel, which the Defendants assert it is undisputed that Mountain Highlands sold in January 2008. See Reply at 5-6.

At the hearing, Donald Walcott, the Defendants' counsel, reiterated the points raised in the briefing and also contended that Mountain Highlands could not rely on recoupment because it was not pled as an affirmative defense. See Transcript of Hearing at 72:24-73:7 (Walcott)(taken June 5, 2009).[1] Mr. Walcott also asserted that the notes were no longer negotiable because they had

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

passed their maturity dates.  See id. at 73:7-13.  Steven Scholl, Mountain Highlands' attorney, stated that he thought the Court's original analysis was correct and that it should stand so long as the Court did not grant the Defendants' motion to reconsider its order upholding some of Mountain Highlands' 2003 claims.  See id. at 75:5-76:14 (Scholl & Court).

## ANALYSIS

Although the Defendants' motion raises several potentially difficult issues, the Court's resolution of a separate motion dealing with Mountain Highlands' 2003 claims turns this motion into a relatively easy one.  The Court recently found that there is no evidence to support Mountain Highlands' remaining 2003 claims and has thus dismissed those claims.  See Memorandum Opinion and Order at 17, entered July 2, 2009 (Doc. 120).  These claims were the only things standing between Mountain Highlands and its being fully liable on both promissory notes.  Regarding the $500,000.00 note, the Court held that Mountain Highlands had a potential defense of rescission based upon fraudulent inducement.  See MOO at 5-7.  With respect to the $450,000.00 note, the Court held that Mountain Highlands was liable on the note, but that its liability was subject to recoupment or setoff for any amount it recovered on its 2003 claims.  See id. at 8-10.  Without a fraud claim, Mountain Highlands has no basis for asserting rescission.  And without any other 2003 claims, Mountain Highlands has no grounds for asserting recoupment or setoff.[2]  Thus, Mountain Highlands is left without any defenses to liability on the promissory notes.

The only remaining question is whether the Court should order immediate disbursement from the funds impounded with the Court.  Mountain Highlands' objection is based upon the Court not

---

[2] Although the Court has not yet ruled on the dueling motions regarding Mountain Highlands' 2007 claims, those claims are irrelevant to recoupment or setoff on the promissory notes. Only claims arising from the same transaction involving the notes can be used as a setoff or recoupment against the notes.  See MOO at 9.

having found that anything is owed on the notes.  Given the disposition of the 2003 claims, however, that objection is moot.

The Court does not see any impediment to saying that Magnolia Mountain is entitled to collect on the notes at this point.  Entitlement to collect is a separate matter, however, from whether the Court should order the disbursement of specific funds in the Court's custody.  The funds in question were transferred to the Court from the Bankruptcy Court's registry and represent the proceeds of a sale of property in bankruptcy belonging to Mountain Highlands.  See Joint Motion to Deposit Funds into Court Registry at 1, filed September 16, 2008 (Doc. 23)(describing origin of funds).  The Court accepted control over the funds, because the bankruptcy action was dismissed, making the Court a more appropriate custodian.  See Stipulated Order to Deposit Funds into Court Registry at 1, entered September 26, 2008 (Doc. 35).

In support of immediate disbursement, the Defendants cite two provisions in an order entered in the Bankruptcy Court.  The first provision is a sentence ordering "$1,577,000.00 to Debtor's counsel to be held in trust until further order of the Court regarding the Magnolia claims." Stipulated Interim Order on Debtor's Motion to (1) Retain Broker, (2) to Compensate Broker, and (3) Motion to Sell Property out of the Ordinary Course of Business, Free and Clear of Liens, Claims and Interests ¶ 2e, at 2 (entered December 17, 2007 in Cause No. 06-10011 SA in the United States Bankruptcy Court for the District of New Mexico)(Doc. 137 in Bankruptcy Court).  Based upon the motion submitted to the Court, however, it appears that the funds in the Court's custody are from the sale of property approved in that order and not the sum that was to be given to Mountain Highlands' counsel to hold in trust.  This provision is not applicable here.  The second provision is a sentence reading: "Upon a final ruling by the Court regarding the impounded funds, the funds shall be disbursed accordingly."  Id. ¶ 5, at 5.  Preceding the sentence that the Defendants quote is a

-5-

provision stating that the Bankruptcy Court would "retain jurisdiction over all impounded sale proceeds until a final adjudication of the rights thereto." Id. at 4-5.  These are the funds that have been deposited with the Court.  The Bankruptcy Court order indicates that it would disburse the funds after a final adjudication of rights.   Assuming that this order has any effect at the present -- which is not clear given that the bankruptcy action has been dismissed and the parties' motion and the Court's order give no indication about the conditions attached to the funds deposited with the Court -- then disbursement should await a final adjudication of the rights to the funds.

If the Bankruptcy Court's order were not relevant to disbursement, which is a possibility, then waiting for a final disposition would nonetheless be the Court's path here.  A court's ruling "that adjudicates fewer than all the claims" in a case involving multiple claims "does not end the action as to any of the claims," and the Court retains jurisdiction to revisit its rulings "before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  See Been v. O.K. Industries, Inc., 495 F.3d 1217, 1225 (10th Cir. 2007)(discussing interlocutory orders); Pedroza v. Lomas Auto Mall, Inc., 2009 WL 1562748 at *9 (D.N.M.)(Browning, J.)(discussing motions to reconsider).  Nevertheless, despite this general rule, the Court may order entry of judgment on a particular claim if it "expressly determines that there is not just reason for delay."  Fed. R. Civ. P. 54(b).  The Court will interpret the Defendants' argument that withholding the funds would be inequitable as a request for entry of judgment under rule 54(b) of the Federal Rules of Civil Procedure.

The Defendants contend that not disbursing the funds immediately would amount to a pre-judgment attachment or to them posting a bond against a potential damages award at trial to Mountain Highlands.  This line of reasoning would be more persuasive if the Defendants had been forced to deposit money in their possession into the Court's registry.  Instead, the money is proceeds

from a sale of Mountain Highlands' property, which the Bankruptcy Court previously held pending a decision on who had a right to the funds.  While the Court finds that Magnolia Mountain is entitled to the sums due on the promissory notes, neither it nor Defendant David Hendricks has contributed funds in their possession to those funds in the Court's control.  People often file lawsuits to collect funds that are lawfully due to them, and no one thinks that a plaintiff's failure in such a case to immediately get the money they are claiming amounts to the defendant attaching the plaintiff's property.

Although the Defendants' analogy is not on point, that analogy's failure does not equal there being no just reason for delay.  The Court's finding of entitlement, however, is based upon Mountain Highlands' 2003 claims being dismissed.  Entering final judgment on the promissory notes would necessitate entering final judgment on the 2003 claims.  A separate judgment on the 2003 claims would effectively bifurcate this case, severing a significant portion of the merits of this case and starting a separate clock for appeal running.  See Fed. R. App. P. 4(a)(1)(A) (giving thirty days from entry of judgment to appeal ruling); Carpenter v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir. 2006)(taking jurisdiction over appeal from a judgment entered on part of case).  Trial in this case is approximately a month away and is slated to last a week.  Therefore, in about a month final judgment will be entered in this case anyway.  This short time frame also means, however, that should the parties appeal from separate judgments, the United States Court of Appeals for the Tenth Circuit would be likely to consolidate any appeals in this case.  Thus, the Court does not see any compelling reason to delay entering a partial judgment on the 2003 claims and the promissory notes.  Once a party requests entry of a partial judgment, rule 54(b) assumes that judgment will be entered unless there is "just reason for delay."  Fed. R. Civ. P. 54(b).  Because the Court does not see any just reasons for delay, it will enter a separate final judgment on the 2003 claims and the promissory

notes.

**IT IS ORDERED** that the Motion to Reconsider Memorandum Opinion and Order Document #81 is granted in part and denied in part.  The Court grants the motion with respect to liability on the promissory notes and will enter a separate final judgment on the notes and the 2003 claims.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven S. Scholl
Dave M. Wesner
Dixon Scholl & Bailey, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff/Counterdefendant*

Charles V. Henry, IV
Donald A. Walcott
Charlotte Hetherington
Scheuer, Yost, & Patterson, P.C.
Santa Fe, New Mexico

   *Attorneys for the Defendants/Counterclaimants*