## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MOUNTAIN HIGHLANDS, LLC,
an Oregon Limited Liability Company,

       Plaintiff/Counterdefendant,

vs.                                                                                   No. CIV 08-0239 JB/ACT

DAVID HENDRICKS, and MAGNOLIA
MOUNTAIN LIMITED PARTNERSHIP,
a Texas limited partnership,

       Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant MMLP's Request for Disbursement of Funds from Court Registry, filed July 7, 2009 (Doc. 125)("Notice"); and (ii) the Plaintiff's Motion to Hold Funds in Registry Pending Trial, filed July 17, 2009 (Doc. 134)("Motion"). The Court held a hearing on July 17, 2009. The primary issue is whether the Court should stay any disbursement of funds to the Defendants from the Court's registry or should instead immediately order disbursement. For the reasons stated at the hearing and for further reasons consistent with those already stated, the Court will deny Defendant Magnolia Mountain Limited Partnership's request for disbursement at this time, without prejudice to Magnolia Mountain renewing its request after the upcoming trial, and will grant Plaintiff Mountain Highlands, LLC's motion to stay disbursement until after the trial is complete.

## PROCEDURAL BACKGROUND

On September 16, 2008, the parties jointly moved the Court to allow the deposit of funds from Mountain Highlands' bankruptcy proceedings that were part of the sums generated by

Mountain Highlands' sale of the Ski Rio property.  See Joint Motion to Deposit Funds into Court Registry at 1 (Doc. 23).  This joint motion requested that the Court authorize the transfer of funds and that the funds "remain in this Court's Registry until further order of this Court."  Id. at 2.  Pursuant to a stipulated order, the funds from the Bankruptcy Court were deposited with the Court's registry, but the stipulated order did not place any conditions on the disbursement of the funds or otherwise explain the funds' purpose.  See Stipulated Order to Deposit Funds into Court Registry, entered September 26, 2008 (Doc. 35).

On July 2, 2009, having granted two motions in the Defendants' favor, the Court entered a partial final judgment reading:

> [T]he Court finds that, pursuant to rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason to delay entry of judgment and the rulings previously entered in favor of the Defendants and against Plaintiff Mountain Highlands LLC with respect to Mountain Highlands' claims against the Defendants arising out of events from 2003 and with respect to the Defendants' counterclaim against Mountain Highlands for monies due on two promissory notes are final and immediately appealable.  The sum of $950,000.00, plus accrued interest and less any applicable fee as a registry fee pursuant to D.N.M.LR-Civ. 67.1(b), is awarded to Defendant and Counterclaimant Magnolia Mountain Limited Partnership, to be paid from the sums deposited into the Court's Registry pursuant to the Stipulated Order to Deposit Funds into Court Registry, entered September 26, 2008 (Doc. 35).

Rule 54(b) Final Judgment, entered July 2, 2009 (Doc. 122).  After this judgment was entered, Magnolia Mountain filed its Notice, which stated the full amount due to it with interest on the two notes and requesting disbursement to a numbered trust account.  See Notice at 1.  Citing rule 62(a), Mountain Highlands countered that no execution on a judgment could take place until ten days after the judgment.  See Plaintiff's Response to Defendant MMLP's Request for Disbursement of Funds from Court Registry (Doc. No. 125) ¶¶ 4-5, at 2, filed July 7, 2009 (Doc. 126).  Magnolia Mountain then argued that its request did not amount to seeking a writ of execution and so was not barred under rule 62(a).  See Reply to Response to Request for Disbursement of Funds from Court Registry

¶¶ 2-5, at 1-2, filed July 7, 2009 (Doc. 127).

On July 17, 2009, Mountain Highlands filed a motion to stay any disbursement. In support of this request, Mountain Highlands stated that it still had claims going to trial which were intertwined with the funds in the registry and that, under the stipulated order regarding those funds in the bankruptcy proceedings, the funds were to be held until a final adjudication of the rights to those funds. See Motion ¶¶ 3-6, at 1-2. During a pretrial conference on July 17, 2009, the Defendants agreed to address Mountain Highlands' motion, even though they had not had the opportunity to file a written response. The Defendants argued that, while there was money in the registry above and beyond what it was owed on the judgment the Court entered in its favor, the Court had entered a final adjudication on its right to at least that portion of the funds. The Court indicated it was inclined to withhold the funds for the time being, but took the issue under advisement.

## ANALYSIS

Having more fully considered the issue, the Court concludes that its initial inclination was correct. The funds currently in the Court's registry made their way there with little explanation why the Court was holding them or what it was to do with those funds. In this information vacuum, it is difficult for the Court to fully assess when and how the funds should be released. What the Court can say, however, is that, until it has made a ruling on the entitlement to all the funds, not just some of the funds, in the registry, it should not release any portion of those funds. Because the Court has yet to make such a ruling, the Court will not disburse any funds at this time.

Neither the parties' joint motion to deposit funds with the Court nor the stipulated order authorizing the deposit explained why the funds were being deposited with the Court or to what end. The order regarding the funds in the Bankruptcy Court for the District of New Mexico, however,

provides more context.  In that order, the Bankruptcy Court ordered $1,577,000.00 from Mountain Highlands' sale of property to be held in trust until a further order regarding Magnolia Mountain's claims.  See Exhibit A to Motion, Stipulated Interim Order ¶ 2e, at 2 (Doc. 134-2).  The order also stated that the Bankruptcy Court would "retain jurisdiction over all impounded sale proceeds until a final adjudication of the rights thereto."  Id. ¶ 5, at 4-5.  In this stipulated order, the parties agreed to keep the funds in trust until a final adjudication on the rights to the funds.  Despite the sparseness of the motion and order filed in these district court proceedings, the Court believes that it is appropriate to follow the apparent intent of the parties' stipulated order to which the parties agreed in the bankruptcy proceedings.

It remains difficult, however, for the Court to say what a final adjudication of the rights to the funds entails.  The bankruptcy order states that "a final adjudication of the rights" to the funds is a prerequisite to releasing funds.  Id. ¶ 5, at 5.  The parties appear to agree that the funds in the Court's registry are part of the sale proceeds of the Ski Rio property and that these proceeds exceed the amount to which Magnolia Mountain is entitled on its promissory notes.  With that fact in mind, of which the Court was previously unaware, disbursement is inappropriate for now.  The bankruptcy order indicates that a full adjudication of the rights to all the funds is necessary before disbursing the funds.  In other words, the funds should be given out all at once.  The Court has, at most, established that Magnolia Mountain is entitled to some part of the funds.  Disbursing funds is thus premature.

Because the Court's rule 54(b) judgment ordered disbursement of funds, Mountain Highlands' motion amounts to a request to alter or amend a judgment.  See Fed. R. Civ. P. 59(e). To reflect the Court's current holding, the rule 54(b) judgment will be amended to read as follows:

> **THIS MATTER** comes before the Court on: (i) the Motion to Reconsider

>Memorandum Opinion and Order Document #81, filed February 27, 2009 (Doc. 86); and the Defendants' Motion to Reconsider Memorandum Opinion and Order Document #78, filed February 27, 2009 (Doc. 87). Having granted both motions, the Court finds that, pursuant to rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason to delay entry of judgment and the rulings previously entered in favor of the Defendants and against Plaintiff Mountain Highlands LLC with respect to Mountain Highlands' claims against the Defendants arising out of events from 2003 and with respect to the Defendants' counterclaim against Mountain Highlands for monies due on two promissory notes are final and immediately appealable. The sum of $950,000.00, plus accrued interest, is awarded to Defendant and Counterclaimant Magnolia Mountain Limited Partnership. This Final Judgment adjudicates all existing claims and liabilities of the parties with respect to Mountain Highlands' claims against the Defendants arising out of events from 2003 and with respect to the Defendants' counterclaim against Mountain Highlands for monies due on two promissory notes.
>
>**IT IS HEREBY ORDERED** that: (i) Final Judgment is entered in favor of the Defendants and against Plaintiff Mountain Highlands LLC with respect to Mountain Highlands' claims against the Defendants arising out of events from 2003 and with respect to the Defendants' counterclaim against Mountain Highlands for monies due on two promissory notes are final and immediately appealable; and (ii) the sum of $950,000.00, plus accrued interest is awarded to Defendant and Counterclaimant Magnolia Mountain Limited Partnership.

This amendment removes the language ordering immediate disbursement of funds, but otherwise leaves intact the Court's ruling that the Defendants are entitled to judgment on the promissory-note counterclaims and to judgment in their favor on Mountain Highlands' 2003 claims.

While the Court can say that it is not the proper time to disburse funds from the registry, it is still not clear when that time will be. It could be when all the counterclaims are resolved, on the grounds that the funds are meant to represent those sale proceeds that the Defendants are claiming under the promissory notes and the contribution of property to the sale. It could be that the parties intended to set aside a sum of money to resolve all the potential disputes between the parties so that the winning side did not have to chase payment and assets from the other. It could be something different. It seems that the parties believe that, at the end of the trial on this case, the funds should be released. This result seems reasonable, as at the point all the claims and counterclaims in this

case will be resolved and there will not be any more dispute. Even with the stipulated order in the bankruptcy proceedings, however, the Court cannot definitively tell when and on what basis the Court is to determine that the funds should be released. The parties should discuss this issue and inform the Court what events they would like to trigger release of the funds.

**IT IS ORDERED** that the request in Defendant MMLP's Request for Disbursement of Funds from Court Registry is denied without prejudice to Defendant Magnolia Mountain Limited Partnership seeking disbursement after the upcoming trial, and that the Plaintiff's Motion to Hold Funds in Registry Pending Trial is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven S. Scholl
Dave M. Wesner
Dixon Scholl & Bailey, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff/Counterdefendant*

Charles V. Henry, IV
Donald A. Walcott
Charlotte Hetherington
Scheuer, Yost, & Patterson, P.C.
Santa Fe, New Mexico

   *Attorneys for the Defendants/Counterclaimants*